UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER VAN HECK,

    Plaintiff,                          No. 22-12181

v.                                    Honorable Nancy G. Edmunds

JEFFREY SENDI,

    Defendant.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

In his pro se complaint filed on September 14, 2022, Plaintiff Roger Van Heck brings a common law claim of negligence against Defendant Jeffrey Sendi, D.O., seeking damages for the "wrongful death" of his son. (ECF No. 1.) Upon initial review of the case, on September 27, 2022, the Court issued an order to show cause in this matter, requiring Plaintiff to show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.[1] (ECF No. 4.) The Court noted in its order that the only arguable basis for this Court's jurisdiction over Plaintiff's state law claim would be diversity jurisdiction, but the parties here are not diverse. The Court further noted that while Plaintiff asserts a violation of his son's constitutional rights, he fails to plead a cognizable constitutional claim and does not allege that Defendant was a state actor or acting under the color of state law. The Court's order gave Plaintiff notice under Local Rule 41.2 of the Local Rules for the Eastern District of Michigan of

---

[1] "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

1

the Court's intention to dismiss the case for lack of subject matter jurisdiction, unless Plaintiff could demonstrate that the Court does have jurisdiction over this matter.

Plaintiff has now responded to the Court's order to show cause. (ECF No. 10.) Plaintiff states that he does not intend to rely on diversity jurisdiction as the Court's basis to hear his claim. Instead, he avers that his assertions regarding a violation of his son's constitutional rights—more specifically, his son's "rights of the Fifth Amendment of the right to the pursuit of Life and Liberty and happiness, [and] also the Fourteenth Amendment of life and Liberty under the Equal Protection of Law clause"—are sufficient grounds for jurisdiction. But Plaintiff does not allege that Defendant was a state actor or acting under the color of state law, which is required to bring a civil rights action under 42 U.S.C. § 1983, as noted by the Court in its previous order. Nor do his assertions otherwise support a cognizable constitutional claim. *See, e.g.*, *Reid v. Johira*, No. 1:11CV2281, 2011 U.S. Dist. LEXIS 149495, at *7-8 (N.D. Ohio Dec. 29, 2011) (finding the plaintiff's "vague, conclusory statement" regarding his "constitutional rights to life, liberty and the pursuit of happiness" insufficient to support federal question jurisdiction). Thus, Plaintiff has not met his burden of showing that this Court has jurisdiction to hear his case. Finding it lacks subject matter jurisdiction over Plaintiff's complaint, the Court dismisses this case without prejudice to Plaintiff refiling his complaint in the appropriate state forum. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

                                               s/Nancy G. Edmunds
                                               Nancy G. Edmunds
                                               United States District Judge

Dated: October 18, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2022, by electronic and/or ordinary mail.

                                         <u>s/Lisa Bartlett</u>
                                         Case Manager